CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ChrisS@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong,**<br><br>        Plaintiff,<br><br>   v.<br><br>**Mission Plaza Center, LLC,** a California Limited Liability Company;<br>**O'Reilly Auto Enterprises, LLC,** a Delaware Limited Liability Company; and Does 1-10,<br><br>        Defendants. | Case No.: 2:20-cv-00241-SVW-E<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference: June 8, 2020<br>Time: 3:00 p.m.<br><br>Complaint Filed: January 8, 2020<br>Trial Date: June 9, 2020<br><br>Honorable Judge Stephen V. Wilson |

Pursuant to Local Rule 16-4, Plaintiff hereby submits his Memorandum of Contentions of Fact and Law.

1

# I. PRELIMINARY STATEMENT

Plaintiff Nehemiah Kong is a California resident with physical disabilities. Mr. Kong is a paraplegic. He cannot walk and uses a wheelchair for mobility. Mr. Kong drives a specially equipped van with a ramp that deploys from the passenger side of the van to accommodate his wheelchair.

Defendant O'Reilly Auto Enterprises, LLC owns the O'Reilly Auto Parts ("Store"), located at 147 W. Main Street, Ventura, California. Defendant Mission Plaza Center, LLC owns the real property where the Store is located. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

On September 28, 2019, Mr. Kong went to the Store to buy car accessories. When Mr. Kong arrived at the Store, he discovered that, although there was a parking space ostensibly marked and reserved for use by persons with disabilities, it was not accessible to him due to a built-up curb ramp running into the access aisle, causing the access aisle to be sloped and uneven with the parking stall.

Mr. Kong needs a level "van accessible" parking stall and access aisle. Because the Store did not offer one, Mr. Kong left.

Follow-up investigation by investigators for Plaintiff's counsel revealed the access aisle had running slopes of nearly 8%, the path of travel between the access aisle and the Store entrance had cross slopes of nearly 6%, the paths of travel within the store were not wide enough – as narrow as 20 inches in some places, and the lowered sales counter was not wide enough and was blocked by boxes in front of the check stand.

Mr. Kong was and is deterred from visiting the Store due to the condition of the parking, and his knowledge of the paths of travel and sales counters. However, Mr. Kong intends to return to the Store once it has been represented to him that the barriers there have been removed.

## II. PLAINTIFF'S CLAIMS

Violation of the Americans with Disabilities Act of 1990 ("ADA")

***Elements***

(1) The plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)];

(2) The defendant owns, leases, or operates a place of public accommodation [42 U.S.C. § 12182(a)]; and

(3) The defendant discriminated against the plaintiff within the meaning of the ADA. The plaintiff will prove discrimination if (a) Defendant's facility had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)]; and (b) the plaintiff encountered the architectural barrier, precluding his full and equal access to the facility [42 U.S.C. § 12188(a)].

***Key Evidence***

(1) The testimony of Plaintiff Nehemiah Kong;

(2) The testimony of Evens Louis;

(3) The testimony of Corey Taylor;

(4) Plaintiff's Complaint;

(5) Defendant Mission Plaza Center's Answer;

(6) Defendant O'Reilly Auto Enterprises LLC's Answer;

(7) Photographs of the O'Reilly Auto Parts store taken by Plaintiff during his September 28, 2019 visit;

(8) Photographs of the O'Reilly Auto Parts store taken by Mr. Louis on January 2, 2020;

(9) Photographs of the O'Reilly Auto Parts store taken by Mr. Taylor on April 7, 2020;

(10) Copy of a google map screenshot of the parking at the O'Reilly Auto Parts store, provided by Mr. Louis;

(11) Copy of a google map screenshot of the parking at the O'Reilly Auto Parts store, provided by Mr. Taylor;

(12) Plaintiff's Interrogatories and Defendant O'Reilly Auto Enterprises, LLC's Responses;

(13) Plaintiff's Requests for Admissions and Defendant O'Reilly Auto Enterprises, LLC's Responses;

(14) Plaintiff's Requests for Production and Defendant O'Reilly Auto Enterprises, LLC's Responses.

<u>Anticipated Evidentiary Issues</u>

None at this time.

<u>Anticipated Issues of Law</u>

Plaintiff's Motion for Summary Judgment is set for hearing on June 8, 2020. The outcome of this Motion could resolve some or all issues to be decided at trial.

### III. BIFURCATION OF ISSUES

Plaintiff does not seek to have any issues bifurcated, and would oppose any bifurcation sought by Defendant.

### IV. JURY TRIAL

The case is set for bench trial.

### V. ATTORNEYS' FEES

Attorneys' fees are recoverable under the ADA. Plaintiff anticipates filing a motion for attorneys' fees.

### VI. ABANDONMENT OF ISSUES

Plaintiff has not abandoned any issues.

Dated: May 18, 2020

CENTER FOR DISABILITY ACCESS

By: /s/ Christopher A. Seabock

CHRISTOPHER A. SEABOCK
Attorneys for Plaintiff