PETER S. DOODY, ESQ. (Bar No. 127653)
doody@higgslaw.com
JOSEPH A. GONNELLA, ESQ. (Bar No. 306619)
gonnellaj@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendant
O'REILLY AUTO ENTERPRISES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH KONG,<br><br>            Plaintiff,<br><br>v.<br><br>MISSION PLAZA CENTER, LLC, a California Limited Liability Company; O'REILLY AUTO ENTERPRISES, LLC, a Delaware Limited Liability Company; and DOES 1- 10,<br><br>            Defendants. | CASE NO. 2:20-CV-00241-SVW-E<br><br>**O'REILLY AUTO ENTERPRISES, LLC'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>CASE FILED: January 8, 2020<br>TRIAL:          June 8, 2020 |

Defendant O'REILLY AUTO ENTERPRISES, LLC (referred to as "Defendant" or "O'Reilly") submits the following memorandum of contentions of fact and law, pursuant to Local Rule 16-4.

## CLAIMS AND DEFENSES

<u>Plaintiff's Claim 1</u>: Plaintiff alleges O'Reilly and MISSION PLAZA CENTER, LLC violated the Americans with Disabilities Act and failed to provide:

    a)    "accessible parking", ECF No. 1 at ¶ 13;

    b)    "accessible paths of travel leading to the Store", ECF No. 1 at ¶ 17;

    c)    "accessible sales counters", ECF No. 1 at ¶ 18.

Elements of Claim 1 that Plaintiff Must Prove:

a) Plaintiff has legal standing;

b) Plaintiff states a legally cognizable claim;

c) Plaintiff is disabled;

d) Plaintiff was discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation;

e) By the person who owns, leases (or leases to), or operates a place of public accommodation.

f) The alleged violation is not moot.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

42 U.S.C. § 12182.

Defendant's Evidence in Opposition to Claim 1(a) and 1(b): Accessible Parking & Accessible [Exterior] Paths of Travel Leading to the Store:

- Plaintiff lacks legal standing: Declaration/testimony of Nehemiah Kong; see discussion, *infra*, "Issues of Law".
- Defendant does not own, lease or operate the parking lot or paths of travel leading to the store: Declaration/testimony of Carol Kirkman; Declaration/testimony of Ivan Franco. O'Reilly Responses to Plaintiff's Interrogatories.

Defendant's Evidence in Opposition to Claim 1(c): Accessible Counters:

- Plaintiff lacks legal standing: Declaration/testimony of Nehemiah Kong; see discussion, *infra*, "Issues of Law".
- Plaintiff admits the accessible counter, "as built", is ADA-compliant. ECF No. 1, at ¶ 19.
- The counter is not actionably cluttered or lacking sufficient clear space such that it is unusable: Declarations/Testimony of Ivan Franco, Jason Tarrant, and Robbin Freeman; and photographs of the subject counter.

- The counter is not *maintained* in a condition that is actionably cluttered or lacking sufficient clear space such that it is unusable: Declarations/Testimony of Ivan Franco, Jason Tarrant, and Robbin Freeman; and photographs of the subject counter.
- Mootness: Even if the subject counter was actionably cluttered or lacking sufficient clear space rendering unusable at any time – which is disputed – the counter is now fully compliant and the issue is moot: Declarations/Testimony of Ivan Franco, Jason Tarrant, and Robbin Freeman; and photographs of the subject counter.

## ATTORNEYS' FEES

Defendant will seek to recover its attorneys' fees pursuant to statute, 42 U.S.C. § 12205: "In any action or administrative proceeding commenced pursuant to this chapter [Chapter 126. Equal Opportunity for Individuals with disabilities], the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

## ISSUES OF LAW

Issue of Law No. 1:  Plaintiff lacks legal standing.

A "plaintiff's conclusory allegations with respect to deterrence 'are insufficient to establish standing." *Strojnik v. Hotel Circle GL Holdings, LLC* (E.D. Cal., Nov. 21, 2019, No. 119CV01194DADEPG) 2019 WL 6212084, at *5 (citing *Vogel v. Salazar* (C.D. Cal., Oct. 24, 2014, No. SACV 14-00853-CJC) 2014 WL 5427531, at *1, finding no standing where "Plaintiff [did] not allege or provide any facts that he actually would return to the [Hotel] if it were ADA compliant."). A conclusory statement of deterrence is insufficient to demonstrate a plaintiff would return if the property were accessible. *Strojnik,* at *5 (citing *Feezor v. Sears,*

*Roebuck & Co.,* 608 F. App'x 476, 477 (9th Cir. 2015).

<u>Issue of Law No. 2</u>: Plaintiff fails to state a legally cognizable claim as a matter of law – a claim for counter "clutter" or insufficient "clear space" does not exist.

See e.g., *Whitaker v. ELC Beauty LLC*, No. 819CV00407ODWJDEX, 2019 WL 4690202, at *1 (C.D. Cal. Sept. 25, 2019) ("Courts addressing this issue routinely find that the lack of clear space or the placement of merchandise on transaction counters violates neither the 2010 Standards nor the ADA . . . [a]ccordingly, [plaintiff] has failed to put forth a cognizable legal theory."

*Shirley Lindsay v. Overland Partners Sepulveda, LLC*, et al. (C.D. Cal., May 20, 2019, No. CV 18-1917-GW(PLAX)) 2019 WL 8168068, at *1 ("In the end, what it appears Plaintiff is attempting to achieve is the institution of a requirement that neither Congress nor those in charge of the accessibility standards have seen fit to legislate or otherwise require. (citations omitted). This Court will not, in effect, impose such a requirement through creative interpretations of somewhat vague conceptual imperatives . . .   If clear transaction counters are important to accessibility for those considered disabled under the ADA, there is no need to achieve that end through inexact or 'cluttered' language."; see also *Whitaker v. Starbucks Corporation*, No. 2:19-cv-6583-GW-SK, ECF No. 28 (C.D. Cal. Nov. 25, 2019).

*Whitaker v. Starbucks Corporation*, No. 2:19-cv-6795-GW-SS, ECF No. 20 (C.D. Cal. Dec. 2, 2019)/ *Whitaker v. Starbucks Corp.*, No. CV 19-6607-MWF-JPR, 2019 WL 7877376, at *4 (C.D. Cal. Dec. 9, 2019) ("Plaintiff's claim that Defendant violated the ADA by failing to provide clear counters is unsupported by the law."); see also *Whitaker v. Starbucks Corporation*, No. 2:19-cv-09793-CJC-MRW, ECF No.18 (C.D. Cal. Jan. 17, 2020).

*Lammey v. Starbucks Corp.*, No. 218CV9477RGKJCX, 2019 WL 4187377, at *1 (C.D. Cal. June 27, 2019) ("there is no fact Plaintiff could assert that would

establish an actionable violation of the ADA because the relevant ADA Standards do not require a clear transaction counter space"); see also *Lammey v. Starbucks Corporation* (C.D. Cal., July 18, 2019, No. 218CV09970SJOKSX) 2019 WL 6434569, at *4.

## ANTICIPATED EVIDENTIARY ISSUES

Defendant objects to the declaration, testimony or any evidence offered through Plaintiff's investigator Corey Taylor.

On March 12, 2020, Plaintiff requested to schedule a site inspection. Defendant proposed that the discussion of an inspection be deferred until the case was at issue. Plaintiff sought to move forward with an inspection despite the case not yet being at issue. Defendant objected in writing and expressly stated it does not agree to a site inspection. Over this objection, and without notice to Defendant, Plaintiff sent his investigator, Cory Taylor, to the subject property on April 7, 2020. Mr. Taylor conducted an unauthorized site inspection and allegedly photographed both the interior (the "transaction counter") of the store and the exterior of the subject property and took distance and slope measurements. Defendant objects to the declaration of Corey Taylor in its entirety. Defendant further objects to all evidence obtained by Mr. Taylor.

DATED: May 19, 2020               HIGGS FLETCHER & MACK LLP

                                  By: /s/ Peter S. Doody
                                  PETER S. DOODY, ESQ.
                                  JOSEPH A. GONNELLA, ESQ.
                                  Attorneys for Defendant
                                  O'REILLY AUTO ENTERPRISES, LLC.